IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02394-MSK-KLM

WAYNE ANDREWS,

    Plaintiff,

v.

UNITED STATES OF AMERICA;
GARY QUICK;
DIRECTOR, IRS, OGDEN UT;
ROSEANNE M. MILLER;
R.A. MITCHELL,
ROXY HUBER; and
LINEBARGER, GOGGAN, BLAIR & SIMPSON, LLP,

    Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on a **Motion to Dismiss Plaintiff's Claims Against Defendants Gary Quick, Roseanne Miller, R.A. Mitchell, and the United States of America** (the "Federal Defendants") [Docket No. 28; Filed December 15, 2009] (the "Motion to Dismiss"), Plaintiff's **Injunction**, which the Court construes as a Motion for Injunctive Relief [Docket No. 40; Filed January 26, 2010] (the "Motion for Injunction"), and Plaintiff's **Motion for Removal of Counsel** [Docket No. 15; Filed November 30, 2009] (the "Motion for Removal").[1] I have reviewed the Motions, Federal Defendants' response to the

---

[1] Plaintiff has not responded to the Motion to Dismiss. While some district court local rules within the Tenth Circuit authorize dismissal based solely on a failure to respond to a dispositive motion, the District of Colorado Local Civil Rules do not specify that failure to respond to a motion may be deemed as consent to its entry. *See* D.C.N.M. L. Civ. R. 7.5(b);

1

Motion for Injunctive Relief, the relevant law, and the entire case file, and am advised in the premises. For the reasons stated below, I RECOMMEND that the Motion to Dismiss be **GRANTED** and the Motion for Injunction and the Motion for Removal be **DENIED**.

**I.    Background**

Plaintiff is proceeding *pro se*. He brings this action challenging the decisions of the Internal Revenue Service ("IRS") and the Colorado Department of Revenue ("CDR"). Plaintiff alleges that he filed tax returns with the IRS from 1999 to 2008 requesting a refund. Instead of granting him a refund, he asserts that the IRS "assessed a 'frivolous penalty' in order to extort money" from him. *Complaint* [#1] at 2-4. He also alleges that for the years 1999, 2000, and 2001, Defendant Quick, an IRS agent, created a fraudulent amount as "income," and levied fines, penalties, and interest against Plaintiff. *Id.* at 2.

Plaintiff alleges that Defendant Huber, the Director of the CDR, extorted money from him in 1999 by garnishing his wages. *Id.* at 3. Plaintiff also alleges that in 2007, Huber, Quick, and Defendant Linebarger Goggan Blair and Sampson, LLP, collection agents, extorted money from him for the years 1999, 2000, and 2003. *Id.*

Plaintiff also brings claims against two other employees of the IRS. He alleges that Defendant Miller, a Revenue Officer, filed fraudulent liens as part of an ongoing conspiracy of extortion and fraud. *Id.* He alleges that BBVA Compass Bank conspired with Miller to turn over his funds to the IRS. *Id.* Plaintiff claims that Defendant Mitchell signed the liens and levies for Miller. *Id.*

---

D.C. Kan. L. Civ. R. 7.4. In any event, when dealing with a *pro se* plaintiff, the Tenth Circuit has held that it is error to dismiss based solely on the *pro se* plaintiff's failure to respond without also considering the merits of the motion. *Persik v. Manpower, Inc.*, 85 Fed. Appx. 127, 130 (10th Cir. 2003) (unpublished decision).

Plaintiff brings his claim pursuant to the Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. § 1961. He claims that Defendants engaged in extortion and financial institution fraud. *Id.* at 1. Federal Defendants move to dismiss on the grounds that Plaintiff has failed to state a RICO claim, that they are entitled to qualified immunity, and that the Court lacks personal jurisdiction because they have not been properly served. Federal Defendants also contend that 26 U.S.C. § 7433 is Plaintiff's exclusive remedy for his alleged claims.

## II. Analysis

A. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). However, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

Finally, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

B. RICO

The elements of a civil RICO claim are (1) conduct of (2) an enterprise (3) through

4

a pattern (4) of racketeering activity. *Tal v. Hogan*, 453 F.3d 1244, 1261 (10th Cir. 2006) (citation omitted). "Racketeering activity" is defined in 18 U.S.C. § 1961(1)(B) as "any act which is indictable" under any of the crimes listed in the statute. These underlying acts are "predicate acts" and form the basis for RICO liability. *Tal*, 453 F.3d at 1261. A defendant need not be convicted of the predicate act. *Id.* at 1262. The predicate acts cited by Plaintiff are extortion and financial institution fraud, both of which are listed in the statute. *See* 18 U.S.C. § 1961(1)(B). Pursuant to the authorities cited above, Plaintiff must plead sufficient facts to provide plausible grounds that discovery will reveal evidence to support his RICO allegations. *Shero, supra.* Plaintiff's Complaint must offer "factual content" in support of his RICO claims, not "labels and conclusions," "naked assertions," or "a formulaic recitation of the elements of a RICO claim. *Iqbal*, *supra*. Federal Defendants assert that Plaintiff has failed to state a claim on the alleged predicate acts of extortion and financial institution fraud.

1. Extortion

Plaintiff alleges that Federal Defendants extorted money from him through tax assessments, the imposition of penalties, and attempts to collect on the amount owed by him to the IRS through liens and levies. Pursuant to 18 U.S.C. § 1951, which is listed in the RICO statute as a possible basis for a predicate act, extortion is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official light." Extortion may be shown by evidence that defendants instilled in the victim the fear of economic loss or by evidence that defendants attempted to obtain the funds under color of official right. *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987). Regarding claims of extortion under color

5

of official light, Plaintiff must assert that the public official obtained money not due his office. *Gilmor v. Thomas*, 490 F.3d 791, 798 (10th Cir. 2007) (quoting *Troutman*, 814 F.3d at 1456).

RICO was not "intended to expose [IRS employees] to extortion charges whenever they stretch in trying to enforce Government property claims." *Wilkie v. Robbins*, 551 U.S. 537, 566 (2007). That is the situation here. Plaintiff alleges that Federal Defendants extorted money from him through the collection of taxes. As the Supreme Court noted in *Wilkie*, the RICO statute does not apply to federal employees who are carrying out their duties. Plaintiff cannot use extortion as one of his predicate acts.

### 2. Financial Institution Fraud

Plaintiff also alleges that Federal Defendants violated RICO by engaging in financial institution fraud. The elements of bank or financial institution fraud, 18 U.S.C. § 1344, are (1) that the defendant knowingly executed or attempted to execute a scheme to defraud or to obtain property by means of false or fraudulent pretenses, representations, or promises; (2) that defendant did so with the intent to defraud a financial institution; and (3) that the financial institution was federally insured. *United States v. Akers*, 215 F.3d 1089, 1100 (10th Cir. 2000).

Plaintiff's sole allegation involving a financial institution states "[i]n 2009, BBVA Compass Bank [] did conspire with Roseanne M. Miller, to turn over my funds to the Internal Revenue Service and also charge me $75.00 for compliance with an illegal levy." *Complaint* [#1] at 3. Assuming this allegation is true, Plaintiff has failed to state a claim for financial institution fraud. The alleged conduct by the IRS cited by Plaintiff apparently involves a tax lien on Plaintiff's account at BBVA Compass Bank. The IRS has the

6

authority to execute tax liens on bank accounts when the taxpayer owes money to the IRS. *See* 26 U.S.C. § 6321. In addition, Plaintiff has not alleged any misrepresentations by Federal Defendants or that they intended to defraud the bank. Moreover, the Complaint does not allege that the bank was defrauded. In fact, Plaintiff contends that the bank conspired with the IRS to take his money, which necessarily obviates the requisite intent by the Federal Defendants. Thus, the financial institution fraud claim made by Plaintiff cannot be a predicate act under the RICO statute.

        3.      Damages

Pursuant to the RICO statute, a plaintiff can recover damages for injuries to his business or property. 18 U.S.C. § 1964(c). An individual has standing to bring a civil RICO claim if his injuries were proximately caused by the defendant engaging in racketeering activities. *Bixler v. Foster*, No. 09-2138, 2010 WL 597477, at *2 (10th Cir. Feb. 22, 2010). Proximate cause means a "direct relation between the injury asserted and the injurious conduct alleged." *Anza v. Ideal Steel Supply Corp.*, 546 U.S. 451, 457 (2006) (citation and quotation omitted).

Federal Defendants argue that Plaintiff has not alleged an actual injury or a definite damages amount. I disagree. It is clear from the Complaint that Plaintiff alleges an injury to his property. He claims that the IRS and CDR have taken money from him through "fraudulent assessments," "frivolous penalties," by garnishing his wages, and by imposing a tax lien on his bank account. He seeks damages in the amount of $1,690,778.60. *Complaint* [#1] at 7. Given these facts, I find that Plaintiff has sufficiently pled this element of a RICO claim.

        4.      Enterprise

7

Federal Defendants assert that the Complaint does not allege a racketeering "enterprise" as required by RICO, which "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). A RICO enterprise is proven by "evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *United States v. Turkette*, 452 U.S. 576, 583 (1981). Plaintiff must also allege that the "enterprise" exists separate and apart from the pattern of racketeering. *United States v. Smith*, 413 F.3d 1253, 1267 (10th Cir. 2005) (quotation omitted).

Plaintiff's allegations regarding the composition of the asserted RICO enterprise are unclear. Although he is attempting to challenge the actions of IRS employees, the CDR, and his bank, the Complaint fails to adequately allege the existence or nature of the supposed enterprise. Plaintiff appears to be alleging that Federal Defendants acted together to deprive him of money. The Court is not required to piece together allegations in a Complaint to establish a valid claim. *See Whitney*, 113 F3d at 1173-74. Moreover, Plaintiff's attempts to proceed against the IRS or its employees under RICO lack legal merit. *Duran v. IRS*, No. CV-F-09-345 OWW/DLB, 2009 WL 700518, at *3 (E.D. Cal. Mar. 16, 2009); *see also Brown v. Nationsbank Corp.*, 188 F.3d 579, 587 (5th Cir. 1999) (federal agency is not liable under RICO); *Donahue v. FBI*, 204 F.Supp.2d 169, 173-74 (D. Mass. 2002) (federal government agency is not a RICO enterprise).

    C.    Qualified Immunity

The individual Federal Defendants assert that they are entitled to qualified immunity on Plaintiff's claims. Government officials are entitled to qualified immunity from liability for

civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person in their position would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity also offers protection from trial and other burdens of litigation. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

The Court's analysis of qualified immunity in the context of a 12(b)(6) motion is a two-part process. One part of the inquiry is whether the facts taken in the light most favorable to the plaintiff sufficiently allege a constitutional violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.* However, "if a violation could be made out on a favorable view of the parties' submissions, the next [part of the inquiry] is to ask whether the right was clearly established." *Id.* In *Pearson v. Callahan*, 129 S.Ct. 808 (2009), the Supreme Court held that a court may review these factors in any order, using its discretion to determine which of the factors should be reviewed first in light of the circumstances of the case. *Id.* at 818.

As I have concluded above, Plaintiff has not stated a tenable RICO claim regarding the conduct alleged in the Complaint. In addition, Plaintiff does not cite to any constitutional violations by Federal Defendants. Therefore, it is unnecessary to consider the second prong of the qualified immunity analysis. *See Saucier*, 533 U.S. at 201. Defendants are entitled to qualified immunity on Plaintiff's claims for monetary relief.

D.   Service of Process

Federal Defendants move to dismiss on the ground that they were not properly served pursuant to Fed. R. Civ. P. 4. The Court may dismiss a case pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. A "Rule 12(b)(5) motion challenges the

mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* 3D § 1353. In opposing a motion to dismiss for insufficient service of process, "'plaintiff bears the burden to make a prima facie case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over defendant.'" *Allen v. United Properties & Const.*, No. 07-cv-00214-LTB-CBS, 2008 WL 4080035, at *9 (D. Colo. Sept. 3, 2008)(quoting *Fisher v. Lynch*, 531 F.Supp.2d 1253, 1260 (D. Kan. 2008). "Effectuation of service is a precondition to suit ..." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). Without proof of service, the Court lacks personal jurisdiction over the Defendant. *Oklahoma Radio Associates v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992). A plaintiff must demonstrate that the procedure employed by him to effect service satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure. *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987).

Pursuant to Fed. R. Civ. P. 4(i)(1), to properly serve the United States a party must (1) deliver or send by registered or certified mail a copy of the summons and complaint to the United States Attorney in the district where the case is pending; and (2) send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C. Service of an individual federal employee is effectuated by service on the United States and also pursuant to Rule 4(e), (f), or (g).

Since Federal Defendants filed their Motion to Dismiss, the circumstances surrounding service of process have changed. After this Motion was filed, Plaintiff submitted proof of service on all Federal Defendants [#55]. I find that Plaintiff's service of Federal Defendants complies with Rule 4. Therefore, the case should not be dismissed

for lack of personal jurisdiction.

  E.  26 U.S.C. § 7433

Plaintiff is challenging the actions of IRS employees in collecting his taxes. Title 26, United States Code, Section 7433(a) provides that a taxpayer may bring a civil action when an employee of the IRS, in collecting any federal tax, "recklessly or intentionally, or by reason of negligence disregard[s] any provision of [Title 26], or any regulation promulgated under [Title 26]." This statute is the exclusive remedy for a taxpayer alleging such conduct. *Rosson v. United States*, 127 Fed. Appx. 398, 400 (10th Cir. 2005). A party must exhaust his administrative remedies before bringing such a suit. 26 U.S.C. § 7433(d)(1); *see also* 26 C.F.R. § 301.7433-1(e) (setting forth administrative remedies required). As an initial matter, the taxpayer must file a claim with the IRS. *See* 26 C.F.R. § 301.7433-1(d).

To the extent Plaintiff is seeking damages for alleged misconduct by the IRS in collecting his taxes, 26 U.S.C. § 7433 is the only statutory vehicle for relief. However, Plaintiff has neither alleged that he exhausted his remedies in his Complaint nor responded to the Motion to Dismiss. The burden of proof is on Plaintiff to establish subject matter jurisdiction. *Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Because Plaintiff has not complied with the statute, the Court lacks subject matter jurisdiction over his claims.[2]

  G.  Injunctive Relief

---

[2] The Complaint also contains an incoherent list of a variety of statutes and regulations that allegedly support Plaintiff's position that the IRS has no authority to issue tax assessments and lodge levies and liens on his property. *Complaint* [#1] at 4-9. These "tax protester" arguments have been throughly rejected by the Courts. *See Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (listing frivolous taxpayer claims).

Plaintiff requests that the Court issue an injunction against the IRS and CDR "for collections of their liens and levies by garnishing Plaintiff['s] wages." *Motion* [#40]. Federal Defendants assert that Plaintiff's request for an injunction is barred by the Anti-Injunction Act, 26 U.S.C. § 7421 (the "Act"). That statute provides, subject to certain statutory and judicial exceptions, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). The purpose of the Act is to allow the government to conduct its business in the assessment and collection of taxes without judicial intervention. *Wyoming Trucking Assn., Inc. v. Bentsen*, 82 F.3d 930, 933 (10th Cir. 1996).

There are statutory exceptions to the Act, which are not relevant here. In addition, there is a judicial exception to the Act which allows a taxpayer injunctive relief if he can show that under no circumstances could the government establish its claim to the asserted tax, and that the taxpayer will suffer irreparable harm without the injunction. *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7 (1962). Plaintiff has not made such a showing here. In fact, as detailed above, I find Plaintiff's case to be without merit and subject to dismissal. Moreover, Plaintiff has not shown the requisite irreparable harm. He states that to allow the IRS and CDR to continue to collect his taxes would result in a low damage award for him if he were to prevail in this case. However, mere monetary harm or financial hardship is not sufficient to establish irreparable injury. *Brown v. United States*, No. 91-A-1383, 1992 WL 87920, at *4 (D. Colo. 1992) (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Therefore, Plaintiff is not entitled to injunctive relief.

      H.     Motion for Removal of Counsel

Plaintiff seeks removal of counsel for Federal Defendants because he is employed by the Department of Justice ("DOJ").  Plaintiff alleges that the DOJ attorney has a conflict of interest in representing the United States and IRS because DOJ can criminally prosecute actions pursuant to RICO and the Internal Revenue Code.  It is unclear what Plaintiff means by a conflict of interest, but "attorneys of the [DOJ] have statutory authority to represent federal ... officers and agencies in actions brought against them as individuals when the [DOJ] determines that the litigation [affects] interests of the United States." *Christensen v. Ward*, 916 F.2d 1462, 1484 (10th Cir. 1990). Plaintiff's motion is without merit. There is no conflict of interest.  The Motion for Removal should be **DENIED**.

### III. Conclusion

Based on the foregoing,

I **RECOMMEND** that the Motion to Dismiss be **GRANTED** and the claims against Defendants United States of America, Gary Quick, Roseanne M. Miller, and R.A. Mitchell be **DISMISSED WITH PREJUDICE**.

I FURTHER **RECOMMEND** that the Motion for Injunction be **DENIED**.

I FURTHER **RECOMMEND** that the Motion for Removal be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985), and also waives appellate review of both factual and legal

questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: March 8, 2010

BY THE COURT:

__s/ Kristen L. Mix_____
United States Magistrate Judge