IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02394-MSK-KLM

WAYNE ANDREWS,

Plaintiff,

v.

DIRECTOR, IRS, OGDEN UT;
ROXY HUBER; and
LINEBARGER, GOGGAN, BLAIR & SIMPSON, LLP,

Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on a **Motion for More Definite Statement by Defendant Linebarger Goggan Blair & Sampson, LLP** ("Linebarger") [Docket No. 6; Filed November 10, 2009], **Motion by Linebarger Goggan Blair & Sampson, LLP to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted Against It** [Docket No. 62; Filed March 9, 2010], **State Defendant's** ("Huber's") **Motion to Dismiss** [Docket No. 63; Filed March 26, 2010], Plaintiff's **Motion to Remove the U.S. Government as Defendant in This Action** [Docket No. 24; Filed December 7, 2009] and Plaintiff's **Motion to Retain as Defendants Linebarger Goggan Blair & Sampson, LLP** [Docket No. 25; Filed December 9, 2010] ("Plaintiff's Motions"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1.C., the Motions have been referred to the this Court for a Recommendation. I have reviewed the Motions, Plaintiff's response to Linebarger's

Motion to Dismiss,[1] the relevant law, and the entire case file, and am advised in the premises. The Motions are ripe for review.

## I. Background

Plaintiff is proceeding *pro se*. He brings this action challenging the decisions of the Internal Revenue Service ("IRS") and the Colorado Department of Revenue ("CDR"). Plaintiff alleges that he filed tax returns with the IRS from 1999 to 2008 requesting a refund. Instead of granting him a refund, he asserts that the IRS "assessed a 'frivolous penalty' in order to extort money" from him. *Complaint* [#1] at 2-4. He also alleges that for the years 1999, 2000, and 2001, former Defendant Quick, an IRS agent, created a fraudulent amount as "income," and levied fines, penalties, and interest against Plaintiff. *Id.* at 2.

Plaintiff alleges that Huber, the Director of the CDR, extorted money from him in 1999 by garnishing his wages. *Id.* at 3. Plaintiff also alleges that in 2007, Huber, former Defendant Quick, and Linebarger, a collection agent for the IRS, extorted money from him for the years 1999, 2000, and 2003. *Id.*

Plaintiff also brings claims against two other employees of the IRS. He alleges that Defendant Miller, a Revenue Officer, filed fraudulent liens as part of an ongoing conspiracy of extortion and fraud. *Id.* He alleges that BBVA Compass Bank conspired with Miller to turn over Plaintiff's funds to the IRS. *Id.* Plaintiff claims that Defendant Mitchell signed the

---

[1] Plaintiff has not filed a response to Huber's Motion to Dismiss or Linebarger's Motion for a More Definite Statement. While some district court local rules within the Tenth Circuit authorize dismissal based solely on a failure to respond to a dispositive motion, the District of Colorado Local Civil Rules do not specify that failure to respond to a motion may be deemed as consent to its entry. *See* D.C.N.M. L. Civ. R. 7.5(b); D.C. Kan. L. Civ. R. 7.4. In any event, when dealing with a *pro se* plaintiff, the Tenth Circuit has held that it is error to dismiss based solely on the *pro se* plaintiff's failure to respond without also considering the merits of the motion. *Persik v. Manpower, Inc.,* 85 Fed. Appx. 127, 130 (10th Cir. 2003).

liens and levies for Miller. *Id.*

Plaintiff brings a conspiracy claim pursuant to the Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. § 1961. He claims that Huber and Linebarger conspired with the IRS to extort money from him. *Id.* at 1-2. The Huber and Linebarger Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.[2]

## II. Analysis

### A. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

---

[2] On April 5, 2010, the District Court adopted the Magistrate Judge's recommendation regarding Plaintiff's claims against Defendants Quick, Miller and Mitchell ("Federal Defendants"), and dismissed them without prejudice. The Court also found that Plaintiff's claims against the Federal Defendants were barred by qualified immunity. [# 65]. Plaintiff is seeking only monetary relief. *Complaint* [# 1] at 7.

(2009). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). However, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

B. Plaintiff's Status

The Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must

follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

C. Plaintiff's RICO Claim

Huber and Linebarger assert that Plaintiff has failed to sufficiently allege the statutory elements of a RICO claim. They also argue that the claim is barred because the Court has already determined that Plaintiff has failed to state a claim. Therefore, Defendants contend, the conspiracy claim must also be dismissed.

The elements of a civil RICO claim are (1) conduct of (2) an enterprise (3) through a pattern (4) of racketeering activity. *Tal v. Hogan*, 453 F.3d 1244, 1261 (10th Cir. 2006) (citation omitted). "Racketeering activity" is defined in 18 U.S.C. § 1961(1)(B) as "any act which is indictable" under any of the crimes listed in the statute. These underlying acts are "predicate acts" and form the basis for RICO liability. *Tal*, 453 F.3d at 1261. A defendant need not be convicted of the predicate acts. *Id.* at 1262.

The predicate acts cited by Plaintiff are extortion and financial institution fraud, both of which are listed in the statute. *See* 18 U.S.C. § 1961(1)(B). Pursuant to the authorities cited above, Plaintiff must plead sufficient facts to provide plausible grounds that discovery will reveal evidence to support his RICO allegations. *Shero,* 510 F.3d at 1200*.* Plaintiff's Complaint must offer "factual content" in support of his RICO claims, not "labels and conclusions," "naked assertions," or "a formulaic recitation" of the elements of a RICO claim. *Iqbal*, 129 S.Ct. at 1949.

The allegations stated in the complaint against Defendants Huber and Linebarger are that in "2007, [Linebarger], by agreeing to act as collection agent[s], did enter into a conspiracy with Gary Quick, Roxy Huber and the Colorado Department of Revenue to

extort money from [him] for the years 1999, 2000 and 2003." *Complaint* [#1] at 3. Plaintiff also alleges that Huber, Linebarger and the Colorado Department of Revenue "conspired with Gary Quick and the IRS to enter into the fraud and extortion perpetuated by him." *Id.* at 1-2.

Title 18 U.S.C. § 1962(d) provides that it is unlawful "for any person to conspire to violate any of the provisions of subsections (a), (b), or (c)" of RICO. The conspiracy provision requires that a plaintiff allege an independent violation of the RICO statute in order to plead a conspiracy claim under subsection (d). *Tal*, 453 F.3d at 1269 (citing *Schroder v. Volcker*, 864 F.2d 97, 98 (10th Cir. 1986); *United States v. Hampton*, 786 F.2d 977, 978 (10th Cir. 1986); *Kaplan v. Reed*, 28 F.Supp. 2d 1191, 1197 (D. Colo. 1998). If a Plaintiff does not have a viable underlying RICO claim, then the conspiracy claim fails as a matter of law. *BancOklahoma Mortgage Corp. v. Capital Title Co., Inc.*, 194 F.3d 1089, 1103 (10th Cir. 1997). In other words, whether a RICO conspiracy claim survives a motion to dismiss is dependant on the merits of the substantive RICO claim.

The Court has previously determined that the allegations against the Federal Defendants in the Complaint do not constitute predicate acts and that the Plaintiff has failed to adequately allege the existence of the supposed enterprise. The Court previously concluded that Plaintiff failed to state a claim under RICO and dismissed the Federal Defendants pursuant to Fed. R. Civ. P. 12(b)(6). *See Report and Recommendation* [#61] and *Order Adopting Report and Recommendation* [#65]. Because the § 1962(a) claim underlying the alleged conspiracy is without merit, the claims against Huber and Linegarber

should also be dismissed.[3]

D. Plaintiff's Motions

1. Motion to Retain

Plaintiff has filed a Motion to Retain Linebarger as a Defendant. [#25]. The Motion appears to allege that Linebarger violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq*, by entering into a conspiracy with Quick and Huber to defraud Plaintiff and extort money (i.e. tax liabilities) from him. He alleges that Linebarger did not provide him with evidence of a debt before attempting to collect money from him. He claims that his tax liability has no basis in fact and is fraudulent.[4] Taking the Complaint as a whole, the only additional claim asserted against Linebarger (aside from the RICO and conspiracy claims addressed above) is a claim pursuant to the FDCPA.

Linebarger asserts that the FDCPA does not apply because tax liabilities are not a "debt" within the meaning of the statute. *Motion* [#62]. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors ...." 15 U.S.C. § 1692e. A "debt collector may not use unfair or unconscionable means to collect or attempt to collect a debt." 15 U.S.C. § 1692f. Pursuant to the statute, "[t]he term 'debt', means any obligation or alleged obligation of a consumer to pay money arising out a transaction in which the

---

[3] As noted in the earlier Recommendation, the Complaint also contains an incoherent list of a variety of statutes and regulations that allegedly support Plaintiff's position that the IRS has no authority to issue tax assessments and lodge levies and liens on his property. *Complaint* [#1] at 4-9. These "tax protester" arguments have been throughly rejected by the Courts. *See Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (listing frivolous taxpayer claims).

[4] The Complaint contains a brief mention of the FDCPA without any detailed allegations. Nevertheless, the Court will consider the merits of a proposed FDCPA violation.

money, property, insurance, or services which are the subject of the transaction are primarily consumer received goods or services primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

Plaintiff alleges that Linebarger violated the FDCPA by assisting the IRS and CDR in fraudulently collecting his taxes. However, federal taxes are not a "debt" within the meaning of the statute. *Beggs v. Rossi*, 145 F.3d 511, 512 (2d Cir.1998); *Staub v. Harris*, 626 F.2d 275, 278 (3d Cir. 1980); *Bankston v. IRS*, No. 08-cv-02233-WYD-MEH, 2008 WL 6461042, at *5 (D. Colo. May 19, 2009); *Bandy v. United States*, No. 07-1386-MLB, 2008 WL 1867991, at *8 (D. Kan. Apr. 24, 2008). Therefore, Plaintiff has not stated a valid claim under the FDCPA and the Motion to Retain should be denied, as Plaintiff has failed to state a viable claim against Defendant Linebarger.

2. Motion to Remove United States as Defendant

Plaintiff seeks to remove the United States as a Defendant because it "is not allowed to defend employees who act" under color of authority or law. *Motion* [#24]. The Motion is moot because the Federal Defendants, including the United States of America, have been dismissed from the case. Moreover, Plaintiff does not have any basis for the Motion. "Any action that charges an official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States." *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) (citation omitted). The allegations against the Federal Defendants concern actions taken as a result of their employment with the IRS. Thus, the United States was a proper Defendant here.

Plaintiff also seeks the removal of counsel for the Federal Defendants because the employees were allegedly operating outside the scope of their jobs when they committed

the conduct asserted in the Complaint. Despite Plaintiff's claim in this Motion, the Complaint only contains acts taken by Federal Defendants in their official capacities. The Complaint does not assert a claim that Plaintiff is suing the Federal Defendants in their individual capacities. Even if it did, a federal employee may be provided counsel from the United States when he is sued in his individual capacity "when the actions for which representation is requested reasonably appear to have been performed within the scope of the employee's employment ..." 28 C.F.R. § 50.15(a). In addition to being moot, Plaintiff's motion is without merit.

**III. Conclusion**

Based on the foregoing,

I **RECOMMEND** that Linebarger's Motion to Dismiss [#62] be **GRANTED** and the claims against Linebarger be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to state a claim.

I FURTHER **RECOMMEND** that Huber's Motion to Dismiss [#63] be **GRANTED** and the claims against Huber be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to state a claim.

I FURTHER **RECOMMEND** that Linebarger's Motion for a More Definite Statement [# 6] be **DENIED AS MOOT**.

I FURTHER **RECOMMEND** that Plaintiff's Motion to Remove [#24] be **DENIED**.

I FURTHER **RECOMMEND** that Plaintiff's Motion to Retain [#25] be **DENIED AS MOOT**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall

have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: April 20, 2010

BY THE COURT:

__s/ Kristen L. Mix__________________
United States Magistrate Judge